## DANIEL MCELROY & Wife *vs.* THE NASHUA AND LOWELL RAILROAD CORPORATION.

The proprietors of a railroad, as passenger carriers, are bound to the most exact care and diligence, not only in the management of their trains and cars, but also in the structure and care of their track, and in all the subsidiary arrangements necessary to the safety of passengers.

A railroad company are responsible for an injury, sustained by a passenger in their cars, in consequence of the careless management of a switch, by which another railroad connects with and enters upon their road, although the switch is provided by the proprietors of the other road, and attended by one of their servants, at their expense.

THIS was an action on the case to recover damages of the defendants, for an injury alleged to have been sustained by the female plaintiff, while riding as a passenger in the defendants' cars from Lowell to Nashville. The case was submitted to the court upon an agreed statement of facts.

' The defendants are common carriers, carrying passengers for hire between the above-mentioned places, and the female plaintiff had taken her passage, and paid the fare, from Lowell to Nashville, in the evening train of the defendants.

By the thirteenth section of the act of incorporation granted to the defendants by the legislature of New Hampshire, power was reserved to authorize any other railroad corporation to connect with, enter upon and use the Nashua and Lowell railroad, at a point where the Concord railroad

was afterwards made to enter upon the same, and at the point where the alleged injury was incurred. After the incorporation of the defendants, the legislature of New Hampshire also incorporated the Concord Railroad Corporation, and granted them the right to connect with and enter upon and use the Nashua and Lowell railroad, at the point where they did enter the same, and where the accident happened.

The Concord Railroad Corporation, in accordance with the powers thus granted, made a switch and connecting track in the defendants' road, so as to pass to and from the same, and entered thereon and placed a switchman there, to let the Concord cars pass on and off the road. This switchman, at the time of the accident, and ever before, was the servant of the Concord Railroad Corporation, and was in no wise the servant of the defendants, or in any manner under their authority or control. By an arrangement between the two corporations, the defendants hauled the cars of the Concord Railroad Corporation over their road to Lowell, after they had entered thereon, and also hauled them back from Lowell to a point about a fourth of a mile below the junction of the Concord railroad, and there detached them and went on over the switch to the end of their road, leaving the Concord train to follow by force of the momentum previously given to them, but at so slow a speed, as to arrive at the switch, after the defendants' train had passed, and then to be switched off by the switchman upon the Concord railroad.

On the evening in question, the Concord train was detached as usual, and the defendants' cars, in the rear one of which the female plaintiff was, passed on, and the engine, tender, and forward car passed over the switch in safety, but by the carelessness of the switchman, the switch became changed, so that the defendants' baggage car, and the passenger car above mentioned, were turned off upon the Concord railroad, and broken from the forward cars, and thereby and thereon the injury was occasioned, for which this action was brought.

The defendants were incorporated by the legislature of New Hampshire, to build that part of their road which lies

34 *

in that state, and by the legislature of this commonwealth to build that portion of their road which is in this state ; and the two corporations were afterwards united by acts of the legislatures of this commonwealth and New Hampshire The point where the accident happened is in New Hampshire.

The question of damages only was submitted to the jury, and a verdict taken by consent for the plaintiff, upon the facts as above stated, subject to the opinion of the whole court.

*J. G. Abbott,* for the plaintiff, cited *Ingalls* v. *Bills,* 9 Met. 1 ; Story, Bailm. §§ 601, 602 ; Ang. Car. §§ 536, 537, 538 ; *Stokes* v. *Saltonstall,* 13 Pet. 181 ; *Bostwick* v. *Champion,* 11 Wend. 571 ; *Cole* v. *Goodwin,* 19 Wend. 251 ; *Waland* v. *Elkins,* 1 Stark. R. 272.

*T. Wentworth,* for the defendants, cited Ang. Car. §§ 521, 523 ; Story, Bailm. §§ 590, 602 ; *Bennett* v. *Dutton,* 10 N. H. 481 ; *Hawkins* v. *Hoffman,* 6 Hill, 586 ; *Boyce* v. *Anderson* 2 Pet. 150 ; *McKinney* v. *Neil,* 1 McLean, 540.

SHAW, C. J.   The court are of opinion, upon the facts agreed, that the defendants are liable to the plaintiffs for the damage sustained by the wife, whilst travelling in their cars. As passenger carriers, the defendants were bound to the most exact care and diligence, not only in the management of the trains and cars, but also in the structure and care of the track, and in all the subsidiary arrangements necessary to the safety of passengers.   The wife having contracted with the defendants and paid 'fare to them, the plaintiffs had a right to look to them, in the first instance, for the use of all necessary care and skill.   The switch in question, in the careless or negligent management of which the damage occurred, was a part of the defendants' road, over which they must necessarily carry all their passengers ; and although provided for and attended by a servant of the Concord Railroad Corporation, and at their expense, yet it was still a part of the Nashua and Lowell railroad, and it was within the scope of their duty to see that the switch was rightly constructed, attended and managed, before they were justified in carrying

passengers over it. Had the action been, in form, on the implied contract of the defendants, in undertaking to carry a passenger, to have a safe road, and apply and use all necessary care and skill, the liability of the defendants might have been more clear and manifest; but the duty is the same, and in most cases of this kind of carelessness, negligence or want of due skill, in the performance of duty undertaken to be done for hire and reward, it is at the election of the plaintiff to declare in assumpsit, and rely on the promise, or to declare in *tort*, and rest on the breach of duty. Whether the plaintiffs might have maintained an action on the case against the Concord Railroad Corporation for the negligence of their servant, or whether the defendants may have a remedy over against the Concord Railroad Corporation, by the terms of the statute under which the latter were allowed to come on to the defendants' road, or by the terms of their contract, we give no opinion. *Waland* v. *Elkins*, 1 Stark. R. 272.

*Judgment on the verdict for the plaintiffs.*