## ROCKWELL v. GRAHAM.

1. An action to determine an adverse claim to a placer claim, and to recover a designated portion thereof, is not sustained by proof of a mere easement in the plaintiff over the premises in controversy.
2. A right of way for a flume to conduct water is such an easement as is protected by the federal statutes, and is not ground for an adverse claim to the land.
3. Where parties stipulate in open court as to their respective sources of title, evidence in contradiction thereof is inadmissible.

4. Where land is described in several deeds in different terms, parol evidence to identify the premises as being one and the same is admissible.

*Appeal from District Court of Clear Creek County.*

THE defendant having made application for the government title to a certain placer claim, the plaintiff filed an adverse claim, and brought this action for a portion of the premises, to wit, "for one mill-site, two hundred and fifty feet square, * * * and the *land* for a mill-race from said mill-dam * * * to said mill-site." Trial by jury, and instruction by the court to find for the defendant. Verdict and judgment for defendant.

Mr. L. C. ROCKWELL, for appellant.

Mr. HUGH BUTLER, for appellee.

ELBERT, J. The court did not err in instructing the jury to find for the defendant. The evidence does not show title in the plaintiff to either the mill-site or the *land* for the mill-race. The evidence does show title in the plaintiff to a "right of way for a flume to conduct water along the creek to what is known as the 'Railey Mill.'" This is the language of the reservation made in Railey's deed by Dean, his attorney in fact, to Montague, the grantor of the defendant, and (within the boundaries of the premises in dispute) this is all that passed by Robert Railey's subsequent deed to Becker, the grantor of the plaintiff.

This is an easement. It is not what is declared on; evidence of it does not support the issue; nor is such a right ground for an adverse claim, being fully protected by the provisions of the federal laws. Rev. Stat. §§ 2339, 2340.

The refusal of the court to allow proof of a pre-emption by Becker is assigned as error. On the trial of the cause, "it was stipulated and agreed in open court, by the re-

spective parties, that the plaintiff and defendant claim title from Tarleton Railey and Mary Railey, and that they were the common grantors to plaintiff and defendant. The nature of Becker's pre-emption, the law under which, and the purpose for which, it was made, does not appear. Presumably the offer was made for the purpose of showing *title* by pre-emption. If so, it was not admissible as being in contravention of the stipulation above stated.

As to the third assignment, it is sufficient to say that the description of the premises contained in a deed from Dougherty to Montague is referred to by Dougherty in his testimony, apparently for the purpose of *identifying* the premises conveyed by Dean, attorney in fact, with the premises conveyed to Montague, and by Montague to the defendant; the premises having been described in the two last-named deeds in different terms. Possibly the deed itself was introduced in evidence for the same purpose, but this does not clearly appear. We do not see in this any ground for reversal.

These are all the assignments of error it is necessary to notice. The judgment of the court below is affirmed.

*Affirmed.*