Millie B. Rothchild, Appellant, *v.* Central Railroad of New Jersey.

*Negligence—Railroads—Passenger—Platform—Light—Nonsuit.*

In an action against a railroad company by a passenger to recover damages for personal injuries received while alighting from a train, where plaintiff alleges that there was too wide a space between the steps and the

platform, a nonsuit is properly entered where the only witness who testified as to the width of the space stated that he thought that it was about sixteen or eighteen inches, but that he " could not tell for sure," and it appears that plaintiff could have shown the exact distance by actual measurement.

In such a case an averment that the platform was inadequately lighted is not sustained where one of the plaintiff's witnesses testified that there was an electric light one hundred feet from the place where the accident occurred, and another witness stated that the electric light was only fifty feet away.

Argued Jan. 10, 1894.    Appeal, No. 159, July T., 1893, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1890, No. 339, entering compulsory nonsuit.    Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.    Affirmed.

Trespass for personal injuries.

At the trial it appeared that, on Aug. 22, 1890, plaintiff sprained her ankle while alighting from one of defendant's trains at the station at Tamaqua.    Plaintiff claimed that there was too much space between the steps and the platform, and that the platform was insufficiently lighted.

On the question of the width of space between the steps and the platform, L. Koenig, a witness for plaintiff, testified: " Q. This train that backs up to one side of the station, is it or is it not some distance from the platform.    There is a distance, is there not, between the edge of the car step and the platform?    A. Yes, sir.    I should think maybe about sixteen or eighteen inches.    I could not tell for sure. . . . Q. You think about seventeen or eighteen inches from the platform?    A. I could not tell.    Q. I mean that was your estimate?    A. Yes, sir ; I never thought or I would have measured it when a train was standing."

On the question of the insufficiency of the light, Meyer Rothchild, plaintiff's husband, testified:

" Q. There were electric lights on that platform?    A. Yes, sir.    Q. Do you remember how many?    A. Well, I know at the beginning of the Y at the upper end there was one.    The light which I noticed was at the north corner, which, I think, is to serve for the main line and also the Pottsville branch. Q. And about how far is that from the point where the step of

the car was where your wife fell? A. I should think about one hundred feet.

L. Koenig, another of plaintiff's witnesses, testified: "Q. How far was this light away? A. Where they got out of the train? Q. Yes. A. It was over fifty feet."

It did not appear that there was any defect in the platform or any fault in the construction or arrangement of the steps of the car.

The court entered a compulsory nonsuit, and subsequently refused to take it off.

*Error assigned* was above order.

*Emanuel Furth, Jacob Singer* with him, for appellant.— Appellant being a passenger for hire upon defendants' railroad, the contract of carriage imposed upon the railroad company not only the obligation of carrying her safely to her destination, but of affording her safe and proper means of egress from its train, and a safe, proper and adequately lighted station or platform to enable her to alight without injury: 2 Shearman & Redfield, Neg. 410; 1 Thompson, Neg. 315; Hutchinson on Carriers, 2d ed. 518; Cooley on Torts, 600; Shearman & Redfield on Carriers, 507; Praeger v. Ry., 24 L. T. 105; Cockle v. R. R., L. R. 7 C. P. 321; Robson v. Ry., L. R. 10 Q. B. Cas. 271; Patten v. R. R., 32 Wis. 524; Penniston v. R. R., 34 La. An. 777; Stewart v. N. R. R., 53 Texas, 289; Buenemann v. Ry., 32 Minn. 390; Ry. v. Lucas, 119 Ind. 584; Knight v. R. R., 56 Me. 234; Beard v. R. R., 48 Vt. 101; Moses v. R. R., 30 A. & E. Ry. Cas. 556; Osborn v. Ferry Co., 53 Barb. 629.

In none of the reported cases, in which the facts are similar to the present case, was there ever a nonsuit entered and sustained, unless where it appeared that plaintiff voluntarily got off the train at a point beyond the station, or on the wrong side of the car, or where the accident happened in the daytime, or where it was conclusively shown that there was the absence of due and proper care in alighting, which in this case is not and cannot be maintained.

The question was for the jury: Napheys v. R. R., 90 Pa. 135; 2 Thompson on Neg. 1236.

*Richard C. Dale, Samuel Dickson* with him, for appellee.—
There was no evidence submitted to the jury which tended to
show that the platform could not have been used without dan-
ger by a passenger exercising ordinary care : Graham v. Penna.
Co., 27 W. N. 297.

Plaintiff has cited decisions from Texas, Louisiana and Wis-
consin, jurisdictions whose rulings upon the relative functions
of court and jury give no assistance to the Pennsylvania courts
because in those states the function of judge is confined to rul-
ing upon abstract propositions of law.   We refer to Lafflin v.
R. R., 30 A. & E. R. R. Cas. 596, as a case very like the pres-
ent.   Praeger v. Ry., 24 L. T. 105 ; Cockle v. R. R., L. R. 5
C. P. 457 ; Robson v. R. R., L. R. 10 Q. B. Cas. 271, were all
cases where a passenger was invited to alight at a point out-
side of the usual station platform line, where the facilities were
not as good as those provided at the true platform, and the
gravamen of the action was that the carrier had failed to bring
the train to a stop at the usual stopping place, whereby plain-
tiff was invited to alight at an unusual and more dangerous
place.

OPINION BY MR. JUSTICE McCOLLUM, July 12, 1894 :

The injury which led to this action was received by the
plaintiff while she was in the act of alighting from the defend-
ant company's car at Tamaqua on the evening of the 22d of
August, 1890.   It appears that she fell between the steps of
the car and the platform, and sprained her ankle so that for
several weeks she was unable to walk without the aid of a
crutch or cane.   After she had substantially recovered from
the effects of her fall it seems she thought the company ought
to compensate her for it on the theory or ground that her fall
was attributable to its unassisted negligence.   Of course the
mere fact that she fell and was injured furnished no. support
to the charge of negligence.   In the prosecution of her suit
it devolved on her to show wherein the company was neg-
ligent, and the connection of its negligence with the in-
jury to herself.   The learned court below concluded, upon a
careful consideration of the evidence she submitted to sus-
tain her claim, that she had failed to present a case for. the
jury, and accordingly entered a compulsory nonsuit.   From
the refusal to set aside the nonsuit this appeal was taken.

Was there any error in this refusal? In answering this question we must not overlook the absence of any evidence or claim of any defect in the platform provided by the company for the reception of its passengers on their retirement from its trains, or of any fault in the construction or arrangement of the steps of its cars. As we understand the theory of the plaintiff in respect to negligence it involves two propositions, (1) there was too much space between the steps and the platform, and (2) the latter was insufficiently lighted. In reference to the first proposition, we note that there is no claim or pretence in the evidence or elsewhere upon the record that the space between the step and the platform was greater on the night of the accident than at any former time, or that it has been reduced since. The plaintiff therefore could easily have shown, if she had desired to do so, the exact distance or space between them by actual measurement. For evidence of this character, easily and readily attainable, the mere guess of a single witness, who by his own confession could not tell the width of the space and never gave any thought to the subject, is not a decent substitute. It is absolutely worthless.

The evidence showed that the platform was lighted. There was an electric light upon it from fifty to one hundred feet from the point where the plaintiff fell. That she did not notice it does not overcome the clear evidence that it was there, or convict the company of a neglect of its duty to its passengers. It does not appear that any one complained or suggested before the accident or at the time of it that the platform was insufficiently lighted. It requires more than a scintilla of evidence to establish negligence, and that cannot be found in this case in support of either proposition relied on by the plaintiff.

The specifications of error are overruled and the judgment is affirmed.