# Beamer *v.* Philadelphia and Reading Railway Company, Appellant (No. 1).

*Negligence—Railroads—Passenger—Defective station.*

1. In an action against a railroad company by a passenger to recover damages for personal injuries, a verdict and judgment for plaintiff will be sustained where the testimony of the plaintiff shows that she was walking on the platform of a station to take her train for which she had bought a ticket, when a plank gave way causing her injuries; and other testimony in the case although contradicted tended to show that a subsequent examination of the platform disclosed a rotten and broken-down plank where the plaintiff was supposed to have fallen, and that the boards were all worn and rotted by the weather.

*Railroads—Tickets—Joint ticket—Passengers.*

2. Where a person purchases a joint excursion ticket from the first of two railroads whose names are printed on the ticket, and it appears that the passenger purchasing the ticket embarked on a train made up of the first company's locomotive and cars and operated by its employees, and the ticket was signed by its passenger agent, the first company cannot claim that it is not liable for injuries to the passenger resulting from the negligent maintenance of a station on the second company's line; and this is especially so where it appears that the passenger had no notice that the second line was not under control of the first company, and it also appears that the ticket was for a continuous trip to the destination, and that the first company had advertised a time-table for such continuous trips.

Argued Dec. 15, 1911. Appeals, Nos. 220 and 221, Oct. T., 1911, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1906, No. 1,574, on verdict for plaintiffs in case of Samuel H. Beamer and Susanna H. Beamer v. Philadelphia and Reading Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, J.

The facts are stated in the opinion of the Superior Court.

At the trial Charles E. Dilkes, having been duly sworn, was examined as follows:

Mr. Mason: "Q. You are connected with the real estate department that has charge of the title deeds of the Philadelphia, Newtown and New York Railroad Company, are you not? A. I am. Q. Have you in your possession the right of way deed that shows the property at Valley Falls, Pennsylvania? A. I have."

Deed produced.

" Q. Is this the deed from W. Garrett Hollowell conveying the right of way to the Philadelphia, Newtown and New York Railroad Company? A. It is. Q. Does that include sixty feet right of way at Valley Falls station? A. It does."

Deed produced and identified by the witness offered in evidence by Mr. Mason. Objected to as immaterial. Objection sustained. Exception noted for defendant by direction of the court.

Mr. Mason: Does your honor sustain the objection to the proof that the station platform and building was owned by the Philadelphia, Newtown and New York Railroad Company?

The Court: Yes.

Exception noted for defendant by direction of the court. [1]

The following offers were made at side bar:

Mr. Mason: I offer to prove, by William R. Taylor, secretary of the Philadelphia, Newtown and New York Railroad Company, that that corporation owns the right of way at Valley Falls station, which continues in toward the Reading terminal until it reaches a point near to Wayne Junction; that the Philadelphia, Newtown and New York Railroad Company operates certain passenger railway trains from Newtown to the Reading terminal, Philadelphia, which pass over the right of way of the Philadelphia, Newtown and New York Railroad Company until it reaches the connecting lines that are controlled

by the Philadelphia and Reading Railway Company, and from there the Newtown train passes into the terminal over the tracks operated by the Philadelphia and Reading Railway Company. That by virtue of an agreement between the two corporations, there is a traffic arrangement whereby a proportion of the fares received from passengers destined to and from the Reading terminal to points on the Philadelphia, Newtown and New York Railroad Company are paid the Philadelphia and Reading Railway Company for the privilege of the use of the terminal and the tracks operated by the latter corporation.

I also offer to prove, by the proper officers of the Philadelphia, Newtown and New York Railroad Company, that the train on which the plaintiffs were passengers on the day of the accident was a train leased by the Philadelphia, Newtown and New York Railroad Company from the Reading Company, controlled and managed by employees of the Philadelphia, Newtown and New York Railroad Company, under and subject to its sole and exclusive control and management until it reached the tracks operated by the Philadelphia and Reading Railway Company, when by virtue of the traffic arrangement the operation of the train was subject to certain orders of the latter company.

Mr. Duane: I object to all of the foregoing offer for the reason that the evidence stated therein, even if given, and assuming it to be true, would in no way impair the liability of the defendant under the joint contract entered into with plaintiffs by defendant, and by the Philadelphia, Newtown and New York Railroad Company under which either of the joint contractors are liable to the plaintiffs for the faithful performance of all features of said contract and liable for any default in connection therewith.

Objection sustained. Exception noted for defendant by direction of the court. [2]

Mr. Mason: I offer to prove that the station, platform, and building at Valley Falls station, where the alleged

injury occurred, was under the sole and exclusive control and management of the Philadelphia, Newtown and New York Railroad Company; that it was erected by the Philadelphia, Newtown and New York Railroad Company, owned by it, maintained by it, and repaired by its employees; that all persons having charge of the platform, the inspection of it and the repair of it, were the employees of the Philadelphia, Newtown and New York Railroad Company.

Plaintiffs' counsel objects to this offer upon the same ground as that stated in the objection to the last previous offer, and for the additional reason that it is entirely immaterial to the present issue whether the defendant company undertook to carry out its contract with plaintiffs by means of a railroad station at Valley Falls which belonged to it in fee or under a lease or under a traffic agreement, or under any other conditions whatsoever.

Objection sustained. Exception noted for defendant by direction of the court. [3]

Verdict and judgment for Samuel H. Beamer for $1,500, and for Susanna H. Beamer for $1,000. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions, and (4) in refusing binding instructions for defendant.

*Wm. Clarke Mason*, for appellant.—The suit being in trespass for injuries alleged to have been caused by the negligence of the defendant, the burden was upon the plaintiffs to prove negligence, and this burden has not been sustained: Cohen v. Transit Co., 228 Pa. 243; Beck v. Cricket Club, 228 Pa. 173; Hayman v. R. R. Co., 118 Pa. 508; Lonzer v. R. R. Co., 196 Pa. 610; Patterson Coal & Supply Co. v. Rys. Co., 37 Pa. Superior Ct. 212; Alexander v. Water Co., 201 Pa. 252.

The plaintiffs attempt to prove that the accident was due to negligent construction or repair of a station plat-

form, but failed to prove that the negligence, if any, was the negligence of the defendant: Bunting v. R. R. Co., 118 Pa. 204.

The learned trial judge erred in rejecting the evidence offered by the defendant, which, if admitted, would have proved that the negligence, if any, was not the negligence of the defendant but the negligence of the Philadelphia, Newtown and New York Railroad Co.

*Russell Duane*, of *Duane, Morris & Heckscher*, with him *Herbert Simons*, for appellee.—The plaintiff, Mrs. Beamer having purchased a railroad ticket issued jointly by two railroad companies of which defendant (appellant) was one, and being injured while the joint contract was being carried out by the breaking of a plank in a station platform at which defendant agreed to deliver her and receive her again as a passenger on the return trip, there arose from her status as a passenger a presumption of negligence which necessarily carried this case to a jury: Hall v. Bessemer, etc., R. R. Co., 36 Pa. Superior Ct. 556; Laing v. Colder, 8 Pa. 479; Penna. R. R. Co. v. MacKinney, 124 Pa. 462; Federal Street & Pleasant Valley Ry. Co. v. Gibson, 96 Pa. 83; Graham v. Penna. Co., 139 Pa. 149; Rothchild v. R. R. Co., 163 Pa. 49.

Not only were plaintiffs entitled to the benefit of a presumption of negligence, but the evidence established negligence: Gillis v. Penna. R. R. Co., 59 Pa. 129; Hall v. Bessemer, etc., R. R. Co., 36 Pa. Superior Ct. 556; Rathgebe v. Penna. R. R. Co., 179 Pa. 31; Gilmore v. R. R. Co., 154 Pa. 375; Powell v. Phila, etc., Ry., 220 Pa. 638; Penna. Co. v. Marion, 123 Ind. 415 (23 N. E. Repr. 973); Chicago & Alton R. R. Co. v. Walker, 118 Ill. App. 397; McClanahan v. R. R. Co., 126 S. W. Repr. 535; Dillenshaw v. Ry. Co., 67 S. E. Repr. 304; MacClaren v. Ry. Co., 197 Mass. 490 (83 N. E. Repr. 1088).

The learned trial judge was altogether correct in his rulings by which he excluded evidence that the platform of the station at Valley Falls and the train on which plain-

tiffs were passengers were leased, controlled and operated by the Philadelphia, Newtown and New York Railroad Company: Strang v. Bradner, 114 U. S. 555 (5 Sup. Ct. Repr. 1038); Oliver v. Perkins, 92 Mich. 304 (52 N. W. Repr. 609); Chester v. Dickerson, 54 N. Y. 1; Stotts v. Miller, 105 N. W. Repr. 127; District of Columbia v. Bolling, 4 App. Cases D. C. 397; Hough v. Southern Ry. Co., 144 N. C. 692 (57 S. E. Repr. 469); Wylde v. R. R. Co., 14 Abbott's Prac. (N. S.) 000; Illinois Cent. Ry. Co. v. Houchins, 121 Ky. 526 (89 S. W. Repr. 530); Baker v. Hagey, 177 Pa. 128; Seither v. Traction Co., 125 Pa. 397; Railroad Co. v. Dies, 91 Tenn. 177 (18 S. W. Repr. 266); Chicago & Alton R. R. Co. v. Dumser, 161 Ill. 190; Murray v. Lehigh Valley R. R. Co., 66 Conn. 512 (34 Atl. Repr. 506); Williams v. Pullman Palace Car Co., 4 So. Repr. 85; Brady v. Ry. Co., 114 Fed. Repr. 100; Keep v. R. R. Co., 10 Fed. Repr. 454; Louisville & N. R. R. Co. v. Ray, 46 S. W. Repr. 554; Railroad Co. v. Walrath, 38 Ohio, 461; Penna. Co. v. Roy, 102 U. S. 451; Philadelphia & Reading R. R. Co. v. Anderson, 94 Pa. 351; West Chester St. R. R. Co. v. Horne, 197 Ill. 250 (64 N. E. Repr. 331); Watkins v. Penna. R. R. Co., 21 Dist. Col. 1; Howe v. Gibson, 3 Tex. Civ. App. 263 (22 S. W. Repr. 826); Penna. R. R. Co. v. Spicker, 105 Pa. 142; Young v. R. R. Co., 115 Pa. 112.

The existence of the joint contract renders further evidence connecting the Philadelphia and Reading Railroad Company with this accident unnecessary and superfluous, but it is supplemented by evidence as to the appearance of the Reading Company's name and initials upon the rolling stock and crew of the trains by which plaintiffs were transported to and from Valley Falls station: Hennessey v. Baugh, 29 Pa. Superior Ct. 310; Corpies v. Sand Co., 31 Pa. Superior Ct. 107; Cook v. Conestoga Traction Co., 21 Lancaster Law Rev. 161; Penna. R. R. Co. v. Sellers, 127 Pa. 406; Hill v. Epley, 31 Pa. 331; Marshal v. Foltz, 221 Pa. 570.

OPINION BY HENDERSON, J., March 1, 1912:

The appellant presents two propositions for our consideration: (1) that the plaintiff has not made out a case of negligence; (2) that if negligence existed it was not the default of the defendant. The plaintiffs bought tickets from the defendant at its office in Philadelphia, on Sunday, May 6, 1906, for an excursion trip to Valley Falls and return. After having spent the principal part of the day at that place they came to the station and waited for the return train to Philadelphia. They were standing on the platform from two to four feet away from the side of the train as it stopped at the station. One of the trainmen signaled to the passengers to enter the cars, whereupon Mr. and Mrs. Beamer proceeded to the end of one of the cars. While so walking Mrs. Beamer fell and received the injury of which she complains. The substance of her testimony as to the accident is that a plank in the platform gave way when she was approaching the car steps causing her to fall heavily. She thus describes the occurrence: "Q. As you were following your husband and walking parallel with the train, what happened to you? A. I was walking along and my right foot, I felt something give under my right foot, and I heard the crack, and I fell headlong, that is at full length along the platform. Q. What became of your foot? A. It went down into this opening. Q. How deep would you think? A. I couldn't say how deep it went down, enough to throw me—enough to catch my toe and throw me. Q. Why do you say something gave way? A. I felt it give way under me. . . . Q. At the time you went into this hole did you hear any sound in addition to the falling? A. Yes, sir; I heard the crack. Q. What was the sound like; it sounded like what happening? A. As though the board broke under me." The accident occurred at the south end of the train shed and the husband of the plaintiff testified that he examined the platform on the next Tuesday forenoon and found a rotten and broken down plank at the place where he believed his wife fell. He also stated

that the board next to it was rotten. The entire platform he said "did not look any too good;" that "it seemed pretty much all over the platform the same;" that "the boards were well worn and rotted by the weather." There was a direct contradiction of this evidence by the defendant's witnesses, but the testimony raised a question of fact as to the breaking of the platform which must necessarily have been submitted to the jury. That the relation of passenger and carrier existed at the time the plaintiff was hurt is made clear by all of the evidence. Her ticket entitled her to transportation to the city; the place where the accident occurred was that appointed by the railroad company for receiving and discharging passengers, the platform was used as an accessory to the carriage of passengers and to facilitate their entry and departure to and from the trains and Mrs. Beamer was in the very act of getting onto the car when she was hurt. If the accident occurred because of the breaking of the platform and because it was in bad condition from age and decay a prima facie case of negligence was established and the duty is cast on the railway company of rebutting it. In Gillis v. Penna. R. R. Co., 59 Pa. 129, 143, Mr. Justice SHARSWOOD, speaking of the obligation of a railroad company to maintain its station platform with reference to passengers said: "As to all such persons to whom they stood in such a relation as required care on their part, they were bound to have the structure strong enough to bear all who could stand on it." It is not only the duty of the company to safely carry the passenger but to provide a safe place for entering the car and alighting therefrom if in the exercise of the highest degree of care it could be done: Laing *v.* Colder, 8 Pa. 479; Leggett v. R. R. Co., 143 Pa. 39; Bernhardt v. R. R. Co., 159 Pa. 360; Rothchild v. R. R. Co., 163 Pa. 49; Ill. Cent. R. R. Co. v. Treat, 179 Ill. 576; Warren v. Fitchburg R. R. Co., 90 Mass. 227; Exton v. Cent. R. R. Co., 63 N. J. L. 356; Warner v. R. R. Co., 168 U. S. 339; Hulbert v. N. Y. Cent. R. R. Co., 40 N. Y. 145; Keefe v. Boston & Albany R. R. Co., 142

Mass. 251; 4 Elliott on Railroads, sec. 1587. But if it were otherwise and the burden still rested on the plaintiff the evidence presented in support of the action is sufficient to take the case to the jury. It was given by witnesses apparently candid; the facts alleged are not at all incredible and it is admitted that an accident occurred from some cause. A jury might conclude from the testimony that the platform was insecure and that the accident occurred as set forth in the statement of claim. Irrespective of the presumption, therefore, the verdict could be sustained under the evidence, for the case was very clearly and fairly presented to the jury by the learned trial judge on the issue of fact in the following instructions: "If you find that the cause of Mrs. Beamer's fall was the breaking of a board, and you are of the opinion that that board was in a defective condition which a proper inspection would have revealed to the defendant so that it could have been removed and all danger from its existence have been averted, and you think that the defendant failed in its duty of using the greatest care to secure the safe condition of the platform at Valley Falls station for the use of its passengers, your verdict may be in favor of the plaintiffs."

The second position of the defendant is that the judgment cannot be sustained because the accident occurred at the station of another railroad company. The tickets which the plaintiffs bought were in the following form:

"Joint Ticket
Philadelphia & Reading Railway Co.
The Phila., Newtown & N. Y. R. R. Co.
Two-Day Excursion Ticket
Philadelphia (Reading Terminal)
to
Valley Falls, Pa.
Subject to conditions named in contract,
and void if detached therefrom."

The return coupon was in the following form:

"Joint Ticket
Philadelphia & Reading Railway Co.
The Phila., Newtown & N. Y. R. R. Co.
Two-Day Excursion Ticket
Good for One Continuous Passage
Valley Falls, Pa., to Philadelphia
(Reading Terminal)."

The ticket also contained a limitation as to time and liability for baggage. It bore the name of the general passenger agent of the defendant company. The evidence does not show where was the end of the defendant's line and the connecting terminus of the second company. The train was made up of the defendant's locomotive and cars and was operated by its employees. No notice other than that which appears on the ticket was given to the plaintiffs that the line was not under control of the defendant to the plaintiffs' destination. The form of the ticket and the manner in which the business was conducted shows that the two railroad companies jointly undertook the transportation and in that case they may be treated as joint contractors and each is liable for the entire transportation. It is not the case of a sale of a coupon ticket for a through trip over connecting roads where from the form of the contract it is apparent that the understanding was that each company assumed responsibility only for the passage over its own line. The defendant's obligation was a joint one with the connecting road to carry the passengers to their destination and return them to Philadelphia. Where the defendant, therefore, through some arrangement not disclosed in the case operates its road in a contract relation with another company by which the safety of its own passengers may be affected it makes the other company its agent in this respect and is responsible for any failure of such agent with reference to the contract of carriage: Murray v. Lehigh Valley R. R. Co., 66 Conn. 512; Wylde v. Nor. R. R. Co.,

14 Abbott's Prac. (N. S.), 213; C. & A. R. R. Co. v. Dumser, 161 Ill. 190; McElroy v. R. R. Corp., 58 Mass. 400; 2 Redfield's Railways, 277. The tickets sold by the defendant were for a continuous trip to the destination. No stop-over was allowed. In such case the company contracting to carry is the principal and the connecting carrier is the agent of the carrier selling the ticket for the purpose of carrying out the contract of transportation and the company selling the ticket is liable for any fault of the connecting carrier or its servants: 6 Cyc. 573. As there were no subdivisions of the trip and nothing to put the plaintiffs on notice that they were to look to any other company than the defendant for the performance of the contract the defendant made itself liable for the safe carriage of the plaintiffs to Valley Falls and back to Philadelphia. There was other evidence than the ticket issued tending to show that the defendant had established and advertised a time-table for the operation of cars between Philadelphia and Valley Falls and that its employees, motive power and cars were used in that service and even if no joint tickets had been issued the evidence would justify the conclusion that the train was operated by the defendant company. The defendant was liable for the condition of the cars, tracks and appliances used in performing the contract assumed and the learned trial judge was not in error in refusing to admit the evidence specified in the first, second and third assignments relating to this branch of the case. We do not find any reason justifying a reversal.

The judgment is affirmed.