OHIO FARMERS INDEMNITY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80116. Promulgated December 15, 1937.

*Charles E. Curtis, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

MELLOTT: The Commissioner (respondent here) determined a deficiency in petitioner's income tax for the year 1932 in the amount of $7,531.55. The deficiency resulted from the Commissioner's determination that petitioner and the Ohio Farmers Insurance Co., which owned all of the capital stock of petitioner, improperly filed, and were not entitled to file, a consolidated return. It is stipulated that if they were entitled to file a consolidated return no tax is due and if they were not entitled to file such return, then a tax in the above amount is due.

The facts, all of which were stipulated, are as follows:

2. The petitioner is a corporation organized in 1929 under the general corporation laws of the State of Ohio. It is authorized to conduct a general liability insurance business and the major portion of its business since organization has consisted of insuring against the liability arising out of the ownership, maintenance, and use of motor vehicles.

3. It was authorized to issue 2,000 shares of common capital stock, and at the time of organization the entire 2,000 shares were subscribed for by Ohio Farmers Insurance Company. 1,991 shares were issued to said Ohio Farmers Insurance Company and at its direction the remaining nine shares were issued one to each of the nine directors of said Ohio Farmers Insurance Company. During the year 1932 and at present the shares of petitioner were and are so distributed.

4. The directors of Ohio Farmers Insurance Company were elected directors of the petitioner and they or their successors have been re-elected from time to time since organization of petitioner.

5. The Ohio Farmers Insurance Company is an Ohio corporation which was organized in 1848. It obtained its charter by special act of the Legislature of the State of Ohio, and it was and is authorized to conduct the business of fire insurance and allied lines. It is not authorized to conduct the business of liability insurance.

6. The Ohio Farmers Insurance Company has no capital stock and no shareholders. Its directors are elected at an Annual Meeting at which each policyholder is entitled to vote.

7. The petitioner and Ohio Farmers Insurance Company conduct their business from the same office with the same officers, directors, employees and agents. The business of the petitioner is conducted as though it were a department of the Ohio Farmers Insurance Company. The two Companies issue joint policies on motor vehicles, the petitioner underwriting the classes of insurance which it is authorized to write; namely, liability, and Ohio Farmers Insurance Company insuring against loss or damage to the vehicle.

8. The agents of both Companies account only to the Ohio Farmers Insurance Company for the business which they write for both Companies. They also pay the balance due both Companies to Ohio Farmers Insurance Company only. The portion of those funds which belongs to the petitioner is paid to it monthly by the Ohio Farmers Insurance Company.

9. The policies of insurance which the petitioner issues both in conjunction with the Ohio Farmers Insurance Company and separately are issued for a cash premium ascertained and payable in advance, and there is no authority or provision for or liability of policyholders for assessments. The petitioner does not pay and makes no provision in its policies to pay dividends to policyholders.

10. The Ohio Farmers Insurance Company issues only policies on which the premium is ascertained and payable in advance. Its policies contain no authority or provision for or liability of policyholders for assessments and it has not issued a policy containing any such authority or provision or liability for over seventy-five years. Its policies make no provision for the payment of dividends to policyholders and it does not make any such payments.

11. Ohio Farmers Insurance Company writes and issues policies on the stock plan only and its policies are the uniform standard form adopted and used by stock fire insurance companies. A specimen of the form of policy issued is attached hereto and marked Exhibit "A." In states where a statutory policy is in effect for the stock companies, Ohio Farmers Insurance Company issues that statutory form.

12. Ohio Farmers Insurance Company keeps its books and records in accordance with the established practices and rules of stock fire insurance companies; it keeps its books on an accrual basis and establishes reserves for unearned premiums and reserves for unpaid losses. It is admitted to membership in the National Board of Fire Underwriters, an organization which limits its membership to stock insurance companies only.' It subscribes to regular published rates of premium for stock companies.

13. The Ohio Farmers Insurance Company made its income tax return for the year 1932 under section 204 of the revenue act of that year. For many years prior to that time it made its income tax return under the section of law provided for insurance companies other than life or mutual.

In addition to the stipulated facts, the annual statements of the two companies, which were filed with the State of Ohio for the year ended December 31, 1932, were received in evidence. The statement filed by petitioner was upon a form entitled "Miscellaneous Stock Companies—Convention Edition, 1932" while the form used by the Ohio Farmers (Mutual) Fire Insurance Co. was entitled "Mutual Fire Companies—Convention Edition, 1932."

In the notice of deficiency it is stated:

Your contention that your company and the Ohio Farmers Insurance Company are affiliated within the meaning of section 141 of the Revenue Act of 1932, has been denied. You contend that the Ohio Farmers Insurance Company is taxable as a stock fire insurance company under the provisions of section 204 of the Revenue Act of 1932 for the reason that it conducts its business in the same manner as a stock fire insurance company and that it should, therefore, be permitted to file a consolidated return with the Ohio Farmers Indemnity Company which is taxable under section 204 of the Act.

Section 208 of the Revenue Act of 1932 provides that mutual insurance companies other than life insurance companies, shall be taxable in the same manner as other corporations, with certain exceptions. Other corporations are taxable under section 13 of the Act. Section 141 (e) provides that an insurance company subject to tax under sections 201 or 204 shall not be included in the

same consolidated return with a corporation subject to the tax imposed by section 13.

This office holds that the Ohio Farmers Insurance Company, which has no capital stock, is a mutual insurance company within the meaning of section 208 of the Revenue Act of 1932.

The sections referred to in the notice of deficiency are shown in the margin.[1]

Whether the petitioner and its parent were entitled to file a consolidated return for the taxable year depends primarily upon whether the parent was, or was not, a mutual company. Petitioner was subject to the tax imposed by section 204, *supra*. If its parent was subject to the tax imposed by the same section then the use of a consolidated return was proper; but if the parent was a mutual company and subject to the tax imposed by section 13 of the revenue act, then the use of a consolidated return is not proper, for section 141, *supra*, specifically prohibits its use under such circumstances.

It has been stipulated that the Ohio Farmers Insurance Co. ob-

---

[1] SEC. 13. TAX ON CORPORATIONS.

(a) RATE OF TAX.—There shall be levied, collected, and paid for each taxable year upon the net income of every corporation, a tax of 13¾ per centum of the amount of the net income in excess of the credit against net income provided in section 26.

\* \* \* \* \* \* \*

SEC. 141. CONSOLIDATED RETURNS OF CORPORATIONS.

\* \* \* \* \* \* \*

(e) A consolidated return shall be made only for the domestic corporations within the affiliated group. An insurance company subject to the tax imposed by section 201 or 204 shall not be included in the same consolidated return with a corporation subject to the tax imposed by section 13, and an insurance company subject to the tax imposed by section 201 shall not be included in the same consolidated return with an insurance company subject to the tax imposed by section 204.

SEC. 201. TAX ON LIFE INSURANCE COMPANIES.

(a) DEFINITION.—When used in this title the term "life insurance company" means an insurance company engaged in the business of issuing life insurance and annuity contracts (including contracts of combined life, health, and accident insurance), the reserve funds of which held for the fulfillment of such contracts comprise more than 50 per centum of its total reserve funds.

SEC. 204. INSURANCE COMPANIES OTHER THAN LIFE OR MUTUAL.

(a) IMPOSITION OF TAX.—In lieu of the tax imposed by section 13 of this title, there shall be levied, collected, and paid for each taxable year upon the net income of every insurance company (other than a life or mutual insurance company) a tax as follows:

\* \* \* \* \* \* \*

SEC. 208. MUTUAL INSURANCE COMPANIES OTHER THAN LIFE.

(a) APPLICATION OF TITLE.—Mutual insurance companies, other than life insurance companies, shall be taxable in the same manner as other corporations, except as hereinafter provided in this section.

\* \* \* \* \* \* \*

(c) DEDUCTIONS.—In addition to the deductions allowed to corporations by section 23 the following deductions to insurance companies shall also be allowed, unless otherwise allowed—

\* \* \* \* \* \* \*

(3) MUTUAL INSURANCE COMPANIES OTHER THAN LIFE AND MARINE.—In the case of mutual insurance companies (including interinsurers and reciprocal underwriters, but not including mutual life or mutual marine insurance companies) requiring their members to make premium deposits to provide for losses and expenses, the amount of premium deposits returned to their policyholders and the amount of premium deposits retained for the payment of losses, expenses, and reinsurance reserves.

tained its charter by special act of the Legislature of the State of Ohio in 1848. An examination of the act (vol. 46, Ohio Laws, p. 95 et sequa) discloses that the original name of the company was the "Farmers Mutual Fire Insurance Company of Medina County." The act provided that all persons who should at any time become interested in said company by insuring therein should be deemed and taken to be members thereof for and during the term specified by their respective policies of insurance. It made provision for the election of a board of directors with the usual power; required that every person who should become a member of the company by effecting insurance therein should deposit a promissory note for such sum as should be determined by the board of directors; provided that a part, not exceeding 6 per centum, of the note should be immediately paid, the remainder to be payable when the directors should deem payment to be requisite for the payment of losses or other expenses; obligated every member to pay his portion of all losses and expenses; made provision for special assessment on all the members of not exceeding fifty cents on each hundred dollars by them insured; and authorized any member, upon payment of the whole of his deposit note and surrendering his policy before any subsequent loss or expense had occurred, to be discharged from the company.

The original act was amended under date of February 23, 1849 (vol. 47, Ohio Laws, p. 287), prohibiting insurance upon certain kinds of property and providing that the company should not make insurance on any one risk exceeding two thousand dollars. It was again amended under date of January 3, 1851 (vol. 49, Ohio Laws, p. 255). The amendment provided that the name of the company should be changed to "Ohio Farmers Mutual Fire Insurance Company"; that "the amount to be paid at the time application is made for insurance in this company may be determined by the directors, and may include such amount as will pay the applicant's proportion of losses and expenses during the time of such insurance"; and that the capital stock of the company should be annually listed, assessed at its true value, and taxed in the same manner as other personal property. Our attention has not been called to any other amendments to the charter of the company and we have found no others.

It is apparent from the foregoing that the Ohio Farmers Mutual Fire Insurance Co. was organized and incorporated as a mutual insurance company, and this is not denied by the petitioner. Moreover, petitioner admits that it resembles a mutual insurance company in that it has no capital stock and its directors are elected by its policyholders. But petitioner contends that in deciding whether or not it is a mutual insurance company within the meaning of the provisions of the Revenue Act of 1932 here involved, we should be governed by

the nature of its business and not by its corporate structure or organization. Petitioner argues that it conducts its business as a stock fire insurance company in that it issues policies of insurance only in consideration of a cash premium ascertained and payable in advance; that. the policies so issued by it are nonassessable and carry no contingent liability for additional premiums from the policyholders; that it does not pay dividends to policyholders; and that it keeps its books and records and accumulates reserves in accordance with the established practices of, and the rules, regulations, and laws governing, stock fire insurance companies. Petitioner therefore urges us to find that said company is engaged in insurance business "other than life or mutual" and is entitled to make its income tax return under the provisions of section 204, *supra*.

The contention and argument of the petitioner is strikingly similar to that considered by the Supreme Court of Ohio in *Ohio Mutual Insurance Co.* v. *Marietta Woolen Factory*, 3 Ohio St. 348, N. S. In that case an insurance company was incorporated in 1843 with powers usually conferred upon mutual insurance companies and in no material respects different from those conferred upon the Farmers Mutual Insurance Co. of Medina County in 1848. The charter of the Ohio Mutual Insurance Co. was amended by the Legislature of the State of Ohio in 1844, the amendment providing that it should be lawful for any person applying for insurance to pay the company a certain definite sum of money, in full for such insurance; which sum was to be in lieu and place of a premium note; and that such person or persons should not be liable to the company during the continuance of his, her, or their policy, for any sum beyond the amount thus originally paid. It was contended that this amendment entirely changed the essential character of the company from a purely mutual to a mutual stock company. The Supreme Court of Ohio held that no such radical change was intended to be effected, and said:

It was still a mutual insurance company, with no power in the directors to control its assets as an independent company, or to divert them from the purposes to which the law and the contract of the parties had appropriated them. Every person insuring, whether by the payment of a cash premium, or the deposit of a premium note, still became a member of the company, and this act simply gave the "election" to him, whether he would become a member in one way or the other; and if he chose the former, it expressly provides that the sum paid should "be in lieu and place of a premium note" and he should be liable to pay no more.

This decision of the Supreme Court of Ohio is, in our opinion, supported by a majority of the courts of the United States. An insurance company is mutual when there is no group but the policyholders who have interest in it or power over it. *Equitable Life Assurance Society of the United States* v. *Bowers*, 87 Fed. (2d) 687.

"The theory of a mutual insurance company is, that the premiums paid by each member for the insurance of his property constitute a common fund, devoted to the payment of any losses that may occur. * * * The cash premium may as well represent the insured in the common fund as the premium note" and the mutual principle is not abrogated by the taking of cash premiums. *Union Insurance Co.* v. *Hoge*, 62 U. S. 35, 65; *State* v. *Manufacturer's Mutual Fire Insurance Co.*, 91 Mo. 311, 318. A person paying a cash premium to a mutual insurance company at the time a policy is issued becomes a member of the company and interested in its fund in proportion to the amount of the policy, and to the extent of that interest he is an insurer of all other members. The term "mutual" as applied to an insurance company "does not import any peculiar or exact method of producing mutuality in the sense of equality among its members, but * * * is simply significant of an association for the purposes of insurance, whose fund for the payment of losses consists, not of a capital mutually contributed by any uninsured parties, but of the premiums mutually contributed by the persons insured * * *." *Mygatt* v. *New York Protection Insurance Co.*, 21 N. Y. 52; *Schimpf & Son* v. *Lehigh Valley Mutual Insurance Co.*, 86 Pa. 373. A mutual insurance company issuing policies providing for the payment of a cash premium does not lose its identity as a mutual company. *Buck* v. *Ross*, 240 N. W. 858, 859; *Davis* v. *Oshkosh Upholstery Co.*, 82 Wis. 488; 52 N. W. 771. *Given* v. *Rettew*, 162 Pa. St. 638; 29 Atl. 702; *Spruance* v. *Farmers' & Merchants' Insurance Co.*, 9 Colo. 36; 10 Pac. 285.

The Ohio Farmers Mutual Fire Insurance Co. was expressly authorized by statute to issue policies either on a premium note or cash plan. It appears that during the past 75 years it has operated on the cash plan and has issued policies only in consideration of a cash premium ascertained and payable in advance, these policies being nonassessable and carrying no contingent liability for additional premiums. This fact is strongly relied upon by petitioner in support of its contention that such company was doing business wholly and solely upon the stock company plan, and should be permitted to make its return upon the same basis as a stock fire insurance company under section 204, *supra*. Petitioner also relies upon the last sentence of article 1014 of Treasury Regulations 77, which reads as follows:

A stock fire insurance company, operated on the mutual plan to the extent of paying dividends to certain classes of policyholders, may make a return on the same basis as a mutual fire insurance company with respect to its business conducted on the mutual plan.

Petitioner argues on brief that we have here the converse of that

situation and that its parent company, although organized without capital stock, does its business upon the stock company plan and hence that it should be permitted to make its return upon the same basis as a stock fire insurance company.

We need not decide whether the above excerpt from the regulations is or is not a practical and correct interpretation of the statute. We may assume for the purposes of this decision that it is, for we do not agree with the petitioner that the situation here presented is the converse of that set forth in the regulations. It is true that the Ohio Farmers Mutual Insurance Co. has for many years issued policies on the cash premium plan, and that these policies are similar to those issued by stock fire insurance companies. In our opinion, however, this fact does not justify petitioner's statement that the corporation is doing business on the stock company plan. The foregoing authorities convince us that a mutual insurance company may issue policies on the cash premium plan without departing from the principle of mutual insurance. "The cash premium belongs precisely where the premium note whose place it takes would belong and is subject to the same appropriation, with this modification, that it must first be applied and no part of it can be withdrawn upon the expiration of the policy although it should not have been all expended." *Ohio Mutual Insurance Co.* v. *Marietta Woolen Factory, supra.* The cash premium is the equivalent of an assessment to the full amount of the premium note at its inception, had a note been given. *Davis* v. *Oshkosh Upholstery Co., supra.* The cash premiums are paid into a common fund which is to be retained for the payment of any losses or expenses which may occur to the company. Every person insured by paying a cash premium became a member of the company and entitled to vote for the election of its directors. Under these circumstances we do not agree with petitioner that the Ohio Farmers Insurance Co. was doing business upon the stock company plan. It had no capital stock and no group but its policyholders had any interest in it or power over it. It exercised only the powers conferred upon it by statute. These powers were the powers of a mutual insurance company.

It is our conclusion that the Ohio Farmers Mutual Fire Insurance Co. is a mutual insurance company and subject to tax as such under section 13 of the Revenue Act rather than under section 204, *supra.* We hold, therefore, that the respondent did not err in his determination that it could not file a consolidated return with the petitioner.

*Judgment will be entered for the respondent.*